### PRATT *against* FOOT :

#### IN ERROR.

Where the plaintiff, being exempt from military duty, at the request of the defendant, who was captain of a company of cavalry in the militia of this State, enlisted into such company, in consideration whereof, the defendant agreed, that the plaintiff's name should be erased from the roll of the company, whenever the defendant should cease to be its captain ; it was held, in an action of *assumpsit* for a breach of this agreement, in consequence of which the plaintiff was subjected to a fine, that the agreement was void, 1. because it was without consideration, and 2. because the defendant was acting in a public capacity, and had no authority to erase the members of his company from the roll, except by way of punishment, for neglect of duty.

In an action of *assumpsit* before a justice of the peace, the declaration stated, That on the 26th of *September,* 1823, the plaintiff, being exempt from military duty, at the request of the defendant, enlisted into a company of cavalry, whereof the defendant was captain, and in consideration thereof, the defendant agreed, that the plaintiff's name should be erased from the roll of the company, whenever the defendant should cease to be its captain ; that on the 6th of *September,* 1825, the defendant resigned his office, but did not erase the plaintiff's name from said roll ; that relying on said agreement, the plaintiff did not perform military duty on the 28th of *April,* 1825, for which

he was fined, and compelled to pay, the sum of four dollars; and that, by reason of the premises, the defendant became liable to pay to the plaintiff the amount of said fine; and being so liable, assumed, &c. Upon *non-assumpsit* pleaded, judgment was rendered for the plaintiff; which was reversed, by the superior court, on a writ of error. To reverse the latter judgment, the original plaintiff brought the present writ of error.

*Hartford,*
June,
1827.

Pratt
*v.*
Foot.

The case was submitted without argument.

PETERS, J. The agreement stated in the declaration is void.

In the first place, it was made without consideration. The plaintiff's undertaking was to serve the State, and not the defendant, who received the enlistment and services of the plaintiff, as a public agent, and not as an individual;—who did not, and could not, receive any private benefit therefrom. It can hardly be necessary to cite authorities to prove, that a *nude pact* is of no validity. See 1 *Pow. Cont.* 330. & seq.

Secondly; the defendant had no authority to make or execute the contract. He was acting in a public capacity, by virtue of his commission, and had power to enlist the members of his company, but not to discharge them, except for neglect of duty, for which he might erase their names from the roll, and hand them over to the commander of the infantry company, by way of additional punishment. All the powers, duties and liabilities of the militia, are prescribed by law. By statute, (*tit.* 67. *sect.* 5.) it is enacted, that " the companies of cavalry, &c. shall be filled, from time to time, by voluntary enlistments from exempts, or from such companies of infantry as the commander in chief may direct," &c. " And whenever any musician or private of any enlisted company shall refuse or neglect to dress in the uniform duly established in and for said company, and to perform his duty therein, as required by law, he may, by the commanding officer of said company, after three months notice to dress and equip himself, he still refusing or neglecting so to do, be erased from the roll of such company; and notice thereof shall thereupon be given to the commanding officer of the infantry company, within whose limits such musician or soldier resides, who shall forthwith enrol him in his company." And it is enacted, by the first section of the same statute, that "all persons, who are, or hereafter shall be, exempted from performing military duty, who shall volunta-

*Hartford,*
June,
1827.

*Pratt
v.
Foot.*

rily join and become members of any military company, shall thereafter be and remain liable to perform such duty, in the same manner, and for the same period, as if they had never been exempted therefrom.

There is no error in the judgment complained of.

The other judges were of the same opinion.

Judgment affirmed.